UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **GLEN E. SMITH** | **CIVIL ACTION NO. 22-2228** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **GARY GILLEY, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Plaintiff Glen E. Smith, a prisoner at Richland Parish Detention Center ("RPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately July 25, 2022, under 42 U.S.C. § 1983. He names the following defendants: Sheriff Gary Gilley, Deputy Vikie Gibson, Deputy Kelly, Nurse Rushing, Head Nurse Vaughn K., and Doctor T. Klick.

### Background[1]

Plaintiff alleges that on November 17, 2021, at the Richland Parish Courthouse in Rayville, Louisiana, he slipped, fell, and hit his knees and head. [doc. # 1, p. 3]. Deputies Gibson and Kelly asked Plaintiff if he was "ok." *Id.* Plaintiff responded that his knees and head hurt. *Id.* Another deputy asked Plaintiff if he knew his name, where he was, and if he needed an ambulance. *Id.* Plaintiff responded that he did require an ambulance. *Id.* While he waited on an ambulance, his knees and head began to swell. *Id.*

---

[1] This background is a summary of Plaintiff's allegations. It does not include everything Plaintiff has stated or alleged. If Plaintiff files an amended complaint following this Memorandum Order, he does not need to repeat anything he has already stated.

An ambulance arrived, and a paramedic evaluated Plaintiff and stated that Plaintiff did not suffer a concussion and did not break any bones in his knees. *Id.* at 6. The paramedics asked Plaintiff if he required hospital care, and Plaintiff stated that he "didn't think so." *Id.*

When Plaintiff returned from the courthouse to RPDC, he could "barely" walk because of the swelling and pain in his knees. *Id.* On November 17, 2021, the same day of his fall, he "contacted the medical staff" at RPDC on his "kiosk account" and explained what happened. *Id.* Plaintiff claims that, although Nurse Rushing responded and provided two ankle wraps, she provided "no medical attention." *Id.*

The same day, Plaintiff filed a grievance on his kiosk account. *Id.* Nurse Vaughn K. responded: "We are aware that you fell at court, they called an ambulance which you refused, Nurse Rushing saw you after returning from court. If you would like to see a nurse file a complete paper sick call Monday-Thursday 5-6 a.m. [sic]." *Id.*

Again on November 17, 2021, Plaintiff filed a "medical emergency" on his kiosk account, stating that he slipped in court, his knees and head were swollen, he was in pain, and he wished to "see a doctor." *Id.* at 7. Nurse Vaughn K. responded that Plaintiff would "be seen by a nurse today[.]" *Id.* Plaintiff claims that he did not receive "any medical that day." *Id.*

On November 18, 2021, Plaintiff contacted the warden on his kiosk account, explaining that he was not "seen" by anyone for his medical needs. *Id.* Nurse Vaughn K. responded, instructing Plaintiff to "fill out a sick call Monday-Thursday 5-6 a.m." *Id.* The same day, Plaintiff asked Nurse Vaughn K. why he was being refused "medical emergency," and Nurse Vaughn K. responded: "you can complete an emergency sick call if you wish, emergency sick call is for emergencies and something you would call an ambulance for." *Id.* Plaintiff replied: "I'm consistently trying to get emergency sick call but you continue to refuse me." *Id.* Nurse

2

Vaughn K. answered, "I got your sick call you'll be seen today. [sic]." *Id.* Plaintiff claims that he did not "see a nurse or anyone that day either." *Id.*

On November 22, 2021, Nurse Vaugh K. evaluated Plaintiff's knees and stated that she was "setting [him] up to see a doctor." *Id.* at 8. Plaintiff states that he suffered from pain from November 17-23, 2021. *Id.* On November 23, 2021, Doctor T. Klick evaluated Plaintiff's knees, stated that she could not determine if Plaintiff broke any bones, "set [him] up to go to the hospital in Rayville, LA, the next day for x-rays[,]" and prescribed Advil and Tylenol for his pain and swelling. *Id.*

On November 24, 2021, Plaintiff received x-rays on his knees at a hospital. *Id.* One week later, a physician informed Plaintiff that "nothing was broken in [his] knees[.]" *Id.*

Plaintiff states that he could not walk for three weeks. *Id.*

Plaintiff seeks compensation for his pain and suffering "due to the slip and fall" and the "neglect of emergency medical of the Richland Parish Detention Center medical staff. [sic]." [doc. # 1, p. 4].

## **Amendment**

Plaintiff shall, to the best of his ability, file an amended complaint and provide the information below. Plaintiff does not need to repeat anything he has already stated, but Plaintiff should:

> (1) provide a separate description of what, exactly, each defendant did to violate his rights; in other words, a description of how each defendant participated in the violation of his constitutional rights;
>
> (2) provide a description of the injury or harm, if any, sustained because of each alleged violation; and
>
> (3) as to his claims of lack of medical care, explain how each responsible defendant was deliberately indifferent to a substantial risk of serious medical harm.

3

**Conclusion**

For the reasons above, **IT IS ORDERED** that Plaintiff Glen E. Smith shall amend his Complaint within **thirty (30) days** of the filing of this Order to cure the deficiencies outlined above.  Plaintiff shall dismiss any claims that he is unable to cure through amendment.  Plaintiff shall also notify the Court of any change in his address under Local Rule 41.3.

Failure to comply with this Order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or dismissal under either Federal Rules of Civil Procedure 41(b) or 16(f).

In Chambers, Monroe, Louisiana, this 24th day of August, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge